## Hallowell's Estate.

*Executors and administrators—Setting aside private sale by executors under discretionary power—Lumping sales—Inadequacy of price—Failure to consult beneficiaries.* ·

1. Where executors make a lumping sale of decedent's real estate, scattered in different parts of the city, under a power authorizing them to sell the real estate "in such way or manner as they deem best," for an inadequate price without consulting the residuary legatees, notwithstanding that they have induced a belief on the part of their representative that they would be consulted, the sale will be set aside on application of the residuary legatees, and they will be allowed to take the property, if they so elect, in kind.

2. An executor who undertakes to make a lumping private sale of real estate under such a testamentary power assumes the burden of justifying the price as a better one than could be obtained at public sale.

*Practice, O. C. — Executors and trustees — Employment of real estate brokers.*

3. Where a trust company, which holds itself out as a fully-equipped fiduciary, sells real estate of its decedent through a broker formerly in its own employment, it is incumbent upon the company, upon an application to set the sale aside, to offer a satisfactory explanation of why it made the sale through the broker in question.

Exceptions to master's report.   O. C. Phila. Co., Oct. T., 1921, No. 123.

It appears from the report of the master, John A. Brown, Esq., that Mary F. Hallowell died June 28, 1921, leaving a will, on which letters testamentary were granted to the Columbia Avenue Trust Company, Aug. 11, 1921. By the terms of her will, *inter alia*, testatrix, after creating general and specific legacies, left the residue of her property to Henry Paul Hallowell, of age, and Mary Florence Hallowell, a minor. She authorized her executors to sell the real estate "in such way or manner as they deem best." Among other assets, she died seized of the following described Philadelphia real estate:

No. 1330 Stiles Street, subject to a first mortgage of $4000 and a second mortgage of $1000, building association form; No. 2403 North 15th Street, subject to a first mortgage of $3000; No. 2409 North 15th Street, subject to a first mortgage of $2500 and a second mortgage of $1000, building association form; and No. 1341 West York Street, subject to a first mortgage of $1000, building and loan association form. The personal property amounted to $5569.59; specific legacies as appraised, $1713.75, and pecuniary legacies to $1250.

On Aug. 12, 1921, an agreement of sale was entered into between one Fabian, acting as agent of the executor for all the above properties, and Abraham Weissman and Louis Grossman in the sum of $18,250, clear of encumbrances, $500 being deposited upon the execution of the agreement; the balance, amounting to $17,750, to be paid at settlement to be made on or before Nov. 12th. This agreement was approved by the attorney for the executor, but the deeds were not delivered.

Upon petition of Henry Paul Hallowell, a citation was issued to show cause why the aforesaid agreement should not be canceled and surrendered. On Nov. 15th a restraining order was granted, enjoining the delivery of the deeds for any of the aforesaid real estate by the executor, conditioned upon security being entered by J. Wallace Hallowell, acting as guardian and next friend of said Mary Florence Hallowell, to make payment on demand of the executor of all moneys required to meet the demands of administration upon the estate. Such security was filed Nov. 16th in the sum of $7500. The answer of the purchasers, Weissman and Grossman, alleged, *inter alia*, that the sale had

been ratified and approved by the executor, and that the price paid was fair and reasonable. It also averred that the agreement of sale was absolute, not conditional upon the approval of the Orphans' Court, and that they had relied upon the agreement and had themselves entered into an agreement for · the re-sale of the real estate, making themselves personally liable for the performance thereof, together with the amounts owing for commission on the re-sale of the properties and the charges for title insurance, etc. The master found that on Aug. 18, 1921, all the properties were re-sold by Weissman and Grossman at advances beyond the contract price, with the exception of No. 2409 North 15th Street. Mary Florence Hallowell and Henry Paul Hallowell elected to take the real estate in kind. J. Wallace Hallowell, guardian of Mary Florence Hallowell, filed of record a bid of $21,000 in cash for said properties, clear of encumbrances, being an increase of $2750 over the amount of $18,250 for which the executor had entered into the agreement of sale. The master further found that the course of dealing between J. Wallace Hallowell, who acted on behalf of the residuary legatees, and the executor was such as to induce the belief and reliance on the part of said Hallowell that no sale would be made by the executor without consulting the parties in interest, and that the sale in question to Weissman and Grossman had been made without consulting said parties in interest. The master recommended that the sale should be set aside, and that the residuary legatees be allowed to take the property in kind.

*John C. Gilpin,* for exceptant; *George Irving Merrill,* contra.

HENDERSON, J., July 28, 1922.—The master appointed in these proceedings has recommended that the Columbia Avenue Trust Company, executor of the will of this decedent, be restrained from conveying, by virtue of a power of sale contained in the will, all of the real estate of this decedent, four properties, to Abraham Weissman and Louis Grossman for the sum of $18,250, and that the remaindermen be permitted to take the realty in kind, upon paying the amount necessary to acquit all debts, expenses of administration and legacies.

We agree with the conclusions of the master and call attention to some further considerations in support thereof.

The decedent died June 28, 1921, and the agreement of sale was executed Aug. 12, 1921. The executor holds itself out as a fully-equipped professional fiduciary, and yet offers no explanation whatsoever as to why it should have employed a real estate agent, one Fabian, formerly in the employ of the company, to sell these properties. It was the duty of the company to have negotiated the sale, if such was necessary. See Tull's Estate, 1 D. & C. 292, and Adare's Estate, 1 D. & C. 296 n.

So far as appears from the record, it was not necessary to sell all the realty to pay debts, legacies, &c., and, in the absence of such necessity, no explanation has been offered by the executor as to why, in the exercise of a proper discretion, it was desirable to make an immediate sale of all of the properties, rather than enough of them to satisfy the claims against the estate.

Fabian, a witness for the respondent and the agent making the sale, testified that he was instructed to make a quick lumping sale of these four houses located in three different parts of the city. No sufficient explanation is offered as to why such a quick sale was necessary, and when the executor undertook to make a lumping private sale, it assumed the burden of justifying the price as a better one than could be obtained at public auction: Tyson's Estate, 1 D. & C. 444. The executor utterly failed to carry this burden; on

2 D. & C.

the contrary, the master has found that the purchasers of these properties sold three of them at a considerable advance within seventeen days after the agreement of sale was executed.

The exceptions are dismissed. Counsel will submit forms of decrees covering the two proceedings.